# L. Ross Klein *v.* Frank P. McFarland and David Kinch, Constable, Appellants.

*Landlord and tenant—Covenant against removal.—Intent not equivalent to attempt.*

A mere unexecuted intent to remove without any attempt to carry it into effect is not an attempt to remove in any sense of the term, and will not justify action under a covenant in a lease authorizing immediate distraint for balance of rent for the term upon either removal or attempted removal.

Argued May 10, 1897.    Appeal, No. 1, March T., 1898, by defendants, from judgment of C. P. Blair Co., Oct. T., 1896, No. 16, on verdict for plaintiff.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ.    Affirmed. ORLADY, J., dissents.

Replevin.    Before McCLURE, P. J., of the 17th judicial district specially presiding.

On April 1, 1895, Frank P. McFarland, the defendant, leased to L. R. Klein for seventeen months, a certain dwelling house in Altoona, the rent being paid monthly in advance.

On May 12, 1896, the defendant called to collect the rent from the plaintiff who told him it was his intention to remove from the premises on July 1, 1896.

A clause in the lease provided that in the event of the removal by the tenant during the term, or attempt to remove, the entire rent should become due and that the landlord could proceed to collect the whole by distress, suit or otherwise, on receiving the notice of intention to vacate.

On the 13th of June, 1896, defendant issued a warrant of distress for the balance of the rent for the term, whereupon plaintiff replevied the goods.

The court below charged the jury as follows :

This case raises a question of law for the court to pass upon. The plaintiff here, L. Ross Klein, has brought replevin to recover possession of goods which were levied upon by a constable under a landlord's warrant.    Mr. McFarland was the owner

of a property, and on the 1st of November, 1895, he leased it to the plaintiff. The rent was to be payable monthly in $25.00 installments; and along in May of 1896, Mr. Klein wrote a letter to Mr. McFarland in which he informed him he intended to have the house vacated by the 1st of July, 1896. [The land-lord thinking that the property was going to be vacated at that time, considered this a violation of the lease—that is a clause of it, 7th section—which provides, "that in case of a removal or attempted removal of the tenant of his goods from the demised premises during the continuance of the term of this lease without the written consent of his landlord, then and in that case the whole unpaid rent for the balance of the term shall be taken to be due, and the landlord may proceed and collect the whole by distress, suit or otherwise, as if by the conditions of this agreement the whole rent for the entire term were paya-ble in advance." That is, if the tenant actually removes his goods during the term, or attempts to remove them from the premises the whole rent is due.] [1]

The landlord, conceiving that his tenant was attempting to remove from the premises issued this warrant for the distress of the goods and placed it in the hands of a constable who seized them. The plaintiff then replevied the goods, that is, took them out of the possession of the constable and by giving his bond he still has them. [In my judgment under this clause of the lease the landlord was not justified in issuing a warrant until there had been a removal, or attempt at removal; not an inclination or intention to remove, but attempt to remove the goods from the premises before the warrant should issue. For instance, he might start with a wagon load and get them on the pavement, as suggested by counsel for the plaintiff, and that would be an attempt; or if the goods had actually been re-moved and taken away from the premises, or attempted to be removed, he would have been justified in issuing the writ in this case. We instruct you there was no attempt at this time, although afterwards they were taken; but we have nothing to do with that case. At this time there was no removal or at-tempted removal, and for that reason we direct you to find a verdict in favor of the plaintiff.] [2]

Verdict and judgment for plaintiff. Six cents damages. Defendants appealed.

*Errors assigned* were (1, 2) portions of the judge's charge, reciting same.

*T. H. Greevy* of *Greevy & Walters*, for appellants.

*Edmund Shaw*, for appellee.

OPINION BY RICE, P. J., July 23, 1897:

" An intent implies purpose only: an attempt, both purpose and actual effort to carry the intent into execution: " Anderson's Law Dict., 90.   At the time the plaintiff's goods were distrained he had not removed or attempted to remove from the premises; he had simply declared his intention to do so at a future day which had not yet arrived.   Hence, the contingency, upon the happening of which the rent for the whole term was made payable at once, had not arisen.   But as he did actually remove at the time he declared he would, although this was after the goods had been distrained and replevied, it is seriously argued that the act of removing related back to the time the intent was formed and expressed, and, therefore, contrary to the fact, he must be deemed in law to have attempted to remove at that time.   As well might we say that there was a constructive removal on May 15, although the actual removal did not take place until June 30.   This method of reasoning whereby a very plain covenant as to " attempted removal " is construed to include also the mere manifestation of an intention to remove is too subtle by far.   A mere unexecuted intent to remove without an effort to carry it into effect is not an attempt to remove in any sense of the term.   If the landlord wished to secure himself against all contingencies he should have required payment of the rent in advance.   Not having done so, he must be content with a construction of his covenant in accordance with the plain, natural and obvious meaning of its terms.   There is no occasion for resort to the legal fiction of making the act of removal relate back to the date of the formation of the intent, in order to carry out any purpose which we have a right to suppose the parties had in view in making the covenant.

Judgment affirmed.

ORLADY, J., dissents.